# Supreme Court Decisions.

## DOWER RIGHT OF A WIDOW AND THE LAW OF DISTRIBUTION UNDER A WILL.

### HUTCHINGS V. DAVIS, EXECUTOR.

Decided, March 31, 1903.

*Dower Right—Right in Distributive Share—No Election Between Rights Conferred by Statute, When—Will Directs Conversion of Realty into Personalty—Widow Elects to Receive Dower in Money —Does not Therefore Elect Either Under or Against the Will— Not Precluded from Receiving Widow's Distributive Share—In the Personalty Resulting from Such Conversion—Law of Distribution—Law of Wills.*

1. There can be no election between rights conferred by statute, unless the statute provides for it. The courts can not, by means of any real or imagined equities, limit, qualify or annul rights granted by legislative enactment.

2. There is no such inconsistency between the right of dower and the distributive share in personalty, as to make the taking of one an exclusion of the other.

3. Where a widow in a proceeding to sell real estate according to a direction in her husband's will in which the testator makes a disposition of his whole estate without making any provision for her, elects to receive and is paid the value of her dower in money, she does not thereby elect to take either under or against the will. She stands solely on her statutory right of dower.

4. The positive direction by a testator to sell all of his real estate and to blend the proceeds with his personal property in one fund for the distribution of his whole estate according to the scheme of the will, makes an absolute conversion for all purposes into personal property, which should be distributed as personal property, even if the special object intended by the testator should fail. And the effects of the conversion extend to,

203

and may be claimed, not only by those who claim under or through the will, but also by those who are not entitled under the will, but are entitled directly from or under the testator.

5. A widow for whom no provision is made in her husband's will and who has been paid the value of her dower in money from the proceeds of the sale of real estate, converted into personal property, pursuant to a direction in the will, is not thereby precluded from asserting and receiving the widow's distributive share in such proceeds, as well as in the other personal property of the testator.

6. A widow or widower is not entitled to interest on the distributive share in personalty, because the distributive share can not be known until the amount of personal property subject to distribution has been ascertained and the distributive share computed therefrom.

Error to the Circuit Court of Cuyahoga County.

On the twelfth day of September, 1894, William Hutchings, living in Cuyahoga county, died leaving a will of which the following is a copy:

"I William Hutchins of Chagrin Falls County of Cuyahoga State of Ohio being in health and of sound mind do make, publish and declare this my last will and testament.

"My will is my hereinafter named executor shall pay my just debts arising from reasonable steps taken in connection with funeral expenses Doctors Bills etc. etc.

"I give and devise and dispose of what shall or may be left of my proper as is hereinafter described

"1. I give to my late wife's family in England as follows. John Boothe Down $500.00 five hundred dollars. To Thomas Booth Downs widow $500. five hundred dollars. To her sister Ann Kelly $500 five hundred dollars, the whole to.be paid within eighteen months after my death.

"2. I give to Isalina Davis $500 five hundred dollars. To my brother Robert Hutchins $300.00 Three hundred dollars. To my sisters Mary Mountjoy Grace Isaacs and Catherine Isaacs, $200 each two hundred dollars. To my late wifes sister in law Mary Down, and her daughter Mary A. Steel $200.00 two hundred dollars and to my late brother Philips 2 daughters $200.00 each. To my faithful employe Joseph Davis $500. five hundred dollars. To Mary Jane Howard $100.00 and to George Sheldon $5.00 five dollars.

"Charitable Purposes.

"1. I give $1,000 One thousand dollars for a Countys Poors House when ever built or bought. Until then safely invest the

money and give the annual proceeds to the deserving poor of Chagrin Falls, who do not regularly receive help from the Town.

"2. I give $1,000 one thousand dollars toward either the purchase or building of a Congregational Church parsonage in Chagrin Falls, if the trustees so provide.

"3. I give $500 five hundred dollars to the Bible Christian Conference in England for their China Mission.

"My will is also that my live stock and farming utensils of every kind be sold within six months of my death. The Enterprise Mills, my interest in the business of Stoneman & Hutchins, with what of real estate is not sold of any and all kinds shall be disposed of, and business settled up if possible within 2 two years of my death.

"And further, the proceeds arising therefrom, with all, from any and all sources, due to me from Mortgage, Bank or Bills unpaid at my death, be used in paying all before specified as my indebtedness and to my Legatees, and the Charaties. And the balance be divided between the children living at my death of the hereinafter named Brothers and sisters of my late wife and myself, viz: Robert Hutchins, Philip Hutchins, (2 daughters) William Down, Mary Mountjoy, Grace Isaacs, my late sister Elizabeth Nokes, and Catherine Isaacs. P. S. (Henry Nokes had 100 dollars deduct and divide with them.

"I seriously affirm that it is my will that the first who takes legal steps to break this will shall loose all I promised, but one dollar.

"I appoint my esteemed friend Joseph Davis of Chagrin Falls my sole executor of this my last will and testament hereby revoking all former wills of mine."

The will was executed on the twenty-fourth of November, 1893. At that time he was a widower. He married the plaintiff in error, January, 1894, and no provision, as will be observed, was made for her in the will. In June, 1895, the executor of Hutchings sold, at public sale, under an order of the probate court, all of the real estate of which William Hutchings died seized. To this action the widow was made a defendant and filed her answer setting up her dower interest in the land, waived the assignment of the same by metes and bounds, and elected to take the value of the same in money, which was accordingly paid to her. The executor entered upon his duties as such September 29, 1894, and on May 12, 1898, he filed an account. Exceptions were filed to the account of the executor in the probate court on the ground, first, that the plaintiff in error was not allowed any interest on the amount due and owing to her; and, second, that she was not allowed any dis-

tributive share in the money which was the proceeds of said sale of land. The probate court overruled both the exceptions of the widow and held that she was not entitled to any interest in the money received from the sale of the lands and on hand for distribution regardless of her claim to be allowed a share in the $15,000 proceeds of the sale of said land.

On petition in error in the court of common pleas that court adjudged that the widow should recover interest to the amount of $1,700 on her several claims after one year from the time the executor was appointed and qualified, and the court overruled the claim of the plaintiff that she was entitled to a distributive share in the $15,000 arising from the sale of real estate, and in that respect affirmed the judgment of the probate court. The circuit court reversed the judgment of the court of common pleas as to the interest claim and affirmed the judgment of the probate court in regard to the distributive share in the proceeds of the real estate. In this petition in error the plaintiff in error seeks to reverse the judgment of the circuit court on both grounds.

*James M. Jones,* for plaintiff in error.

We claim that the directions contained in William Hutchings' will, to sell and convert into money all his land, is construed by all the court to be an equitable conversion of the same into personal property, as fully as he himself could do if he was alive, and as fully and as completely as if he had sold the land by contract before his death, and had not received the pay therefor. And that therefore the petitioner in error, as his widow, is entitled to her distributive share of one-third of the net proceeds of his said thirteen pieces of real estate, amounting to over $15,000, as well as in all his other personal property, wholly regardless of the fact that she had been allowed dower in said lands, which fact we claim is entirely immaterial. *Furguson* v. *Stuart,* 14 Ohio, 140; 5 Wheat., 563; *Collier* v. *Collier,* 3 Ohio St., 369; *Griswold* v. *Frink,* 22 Ohio St., 79; *Richey* v. *Johnson,* 30 Ohio St., 288; *Collier* v. *Grimesey,* 36 Ohio St., 17; *Barber* v. *Hite,* 39 Ohio St., 185.

There are numerous other authorities and all concur in the general doctrine of equitable conversion. *Smith* v. *Loewenstein,* 50 Ohio St., 346; *Philips* v. *Furgeson,* 1 L. R. A., 837; *Peter* v. *Beverly,* 10 Pet., 562; *Brolasky* v. *Gally,* 51 Pa. St., 509; *Weed* v. *Smull,* 7 Pai. Ch., 574; *Clarke* v. *Sawyer,* 2 Sandf. Ch., 377;

*Simonds* v. *Simonds*, 3 Metc., 563; 33 Ala., 196; *Johnson* v. *Bennett*, 39 Barb., 237; 19 N. J. Eq., 375; 28 Ill., 43; *Peter* v. *Beverly*, 10 Pet., 562; 23 Md., 273; *Hood* v. *Hood*, 85 N. Y., 561; 1 Md. Ch., 296; *Wilson* v. *Hall*, 3 Circ., Dec., 589; 6 C. C. R., 575.

Where personal property is converted, by direction, into land, it will descend as realty though no actual conversion has taken place and will pass under a provision of the testator's will *devising his land.* 3 A. D. K., 254; *Greenhill* v. *Greenhill*, 2 Vern., 679; 12 Ves. Jr., 161; 17 Ves. Jr., 64; *Robinson* v. *Botkin*, 181 Ill., 182; *Stewart* v. *Railway Co.*, 50 N. W. Rep., 854; *Sweeney* v. *Horn*, 190 Pa. St., 237.

And we claim that the widow would be entitled to dower in lands made so merely by equitable conversion; that the husband would be entitled to courtesy in it, and it would descend to the heir as land. 2 Spence's Eq., 264; 19 N. J., Eq., 64; *Haggard* v. *Rout*, 6 B. Mon., 247; *Konvalinka* v. *Schlegel*, 104 N. Y., 131; *Page's Estate*, 75 Pa. St., 87; *Ramsden* v. *Langley*, 2 Vern., 536.

If a man should direct by a will that $50,000 in cash should be converted into realty, can anybody imagine that she would be deprived of her dower interest in the realty, thus equitably converted? She couldn't have her third interest in the $50,000, because it would not be on hand for distribution.

An equitable conversion of real estate can not withdraw or annul any pre-existing right or lien, like a dower interest, mechanic's lien, mortgage or other lien, but it is completely effected as to all other persons and claims, precisely the same as if the owner had sold outright before his death, and had or had not received his pay, or had notes and mortgage for the purchase price. *Brown* v. *Bailey*, 1 Metc., 254; *Leiper* v. *Irvine*, 26 Pa. St., 54.

A direction in a will, for the conversion of real estate into money, or money into land, is no necessary part of a will. It is not testamentary in its character. It does not give and bequeath anything to anyone. It is entirely uncertain whom such a provision may benefit. There may be no wife to be benefited, and such a provision could just as well be made, and be just as effective for all purposes by a contract, a marriage settlement, a deed with a direction in it, a trust deed or a lease containing an option that the lessee may buy. 41 Ark., 271; *Daniel* v. *Thompson*, 14 B. Mon., 549; *Firestone* v. *Firestone*, 2 Ohio St., 315; *Collins* v.

*Champ,* 15 B. Mon., 118; *Smith* v. *Loewenstein,* 50 Ohio St., 346; 29 Ill., 323.

. Blending the proceeds of real and personal property, even when not made in as clear and decisive a manner as in our case, has been held to give a personal legacy priority over the residuary legatees of all the real estate in case of deficiency of assets, and because such a direction is "decisive of the intent of the testator." *Porter* v. *Kepler,* 14 Ohio St., 135; 14 Eng. Ch. Rep., 695; 2 Vinney, 535; *Harrington* v. *Pier,* 82 N. W. Rep., 345; 50 L. R. A., 307; *Given* v. *Hilton,* 95 U. S., 591.

There is a large consensus of authority in support of the doctrine that if the proceeds of real estate and personal property are given together, subject to charges as for debts and legacies, that both real and personal estate are liable to charges in proportion to their respective values. 15 Am. & Eng. Enc. Law, 125; *Reynolds* v. *Reynolds,* 16 N. Y., 257; 42 N. J. Eq., 43; 13 N. J. Eq., 138; 57 Miss., 775; 1 Ves. Jr., 436; 2 Ves. Jr., 267.

Section 5964, Revised Statutes, provides that where the widow fails to take under the will, she shall retain her dower and such share of the personal estate as she would be entitled to by law, in case the deceased consort had died intestate having children. *Wilson* v. *Hall,* 3 Circ. Dec., 589; 6 C. C. R., 575; Black on the Interpretation of Laws, Sec. 26.

There is not the slightest hint in any provision of the statutes, that the widow is to be excluded from participation in *any kind* of personal property, and to attempt to do so is quite remarkable in view of the language of our Supreme Court, which has been the law of the land for fifty years. We contend that land converted into personalty by such provisions as are in this will, makes the proceeds purely personal property as to all the world, including the widow. *Doyle* v. *Doyle,* 50 Ohio St., 331; *Smith* v. *Smith,* 57 Ohio St., 37.

The making of a will in Ohio is a purely statutory matter, and is defined in Section 5914, Revised Statutes. The widow takes nothing under the will, or under any of its provisions. The husband has distinctly chosen to die possessed of only personal property, and the statute in existence at the time of his death gives her one-third of the personal property. She will take all she gets under the statute, and not under the will. Such a provision in the will is in the nature of a personal trust which the executor can

not delegate to anyone else. This is decided in *White* v. *Sayre,* 2 Ohio, 121, and in *Wills* v. *Cooper,* 3 Ohio, 486. These cases have never been reversed, but are quoted approvingly in *Yearly* v. *Long,* 40 Ohio St., 32.

Section 4188, Revised Statutes, provides that a widow shall have dower in any real estate of which her husband was seized of an estate at any time during coverture. Under this statute her dower in his lands was a legal right which vested in her from the time of her marriage and her husband's seizing. It was an incumbrance on his land at and before his death as much as if it was a judgment lien or a mortgage. It was not in his power in any way to extinguish that right. *McArthur* v. *Franklin,* 16 Ohio St., 193; *Black* v. *Kuhlman,* 30 Ohio St., 196; *Rosenthal* v. *Mayhugh,* 33 Ohio St., 155; *Unger* v. *Deiter,* 32 Ohio St., 210; *Thompson* v. *Love,* 42 Ohio St., 73.

*E. P. Wilmot* and *Wilcox, Collister, Hogan & Parmeley,* for defendant in error.

Is the widow entitled to one-third of the proceeds arising from the sale of the real estate as personal property?

We think not for the following reasons:

1. Where no provision is made in the will for the widow, she takes only such rights as are provided in case of intestates and no others, which are: (a) Year's allowance—Sections 6040-6041, Revised Statutes; (b) Distributive share of personal estate—Section 4176, Revised Statutes; (c) Dower in all real estate owned by intestate at any time during coverture—Section 4188, Revised Statutes; (d) Right to occupy the mansion house for one year—Section 4188, Revised Statutes.

2. This plaintiff in error stands now just as she would if the will had been made after her marriage, and no provision made for her therein, and her rights in the estate in such case are precisely what they are now. This question is fully gone into by this court in the case of *Doyle* v. *Doyle, Jr.,* in 50 Ohio St., 330, and we claim decides the question here.

3. The testator in this case directed in his will the sale of all his real estate for the purpose of distribution of his estate to the persons entitled thereto, and that this provision was made for that purpose only.

4. We contend that the claim of the widow to dower in the real estate, and to a part of the proceeds arising from the sale of

the real estate sold by the executor, as directed by the will, are inconsistent with each other, and having elected to take the value of her dower therein, she is now barred from claiming any part of the proceeds thereof in distribution.

The real property of the estate can not be by her treated as real estate, so that she may have her dower therefrom, and when she has received her dower on a sale of the real estate, that it shall become personal property and she get a distributive share therein. The testator died intestate as to her, and she so understood it, and took in the real property as if an intestate estate. We venture to say that no case can be found in which it has been decided that a widow can have dower and distributive share in the same property. No case has been cited by counsel for plaintiff in error in support of this Dr. Jeykill and Mr. Hyde position. We can cite none against it, because so far as reported cases go no attorney ever before asked a court to so decide. *Doyle* v. *Doyle, Jr.,* 50 Ohio St., 330; *Tobias* v. *Kelchum,* 32 N. Y., 319; *Savage* v. *Burnham,* 17 N. Y., 561; *Vernon* v. *Vernon,* 53 N. Y., 351; *Brink* v. *Laylon,* 2d Red. Surr. Rep., 79.

DAVIS, J.; BURKET, C. J., PRICE and CREW, JJ., concur.

There is no provision for the plaintiff in error in the will of her late husband. The will was made before her marriage to the testator and it was not changed after the marriage. All of the estate of the testator is disposed of to the exclusion of the wife, so that her interest in the estate is such, and only such, as is conferred by statutes. When the executor, pursuant to the requirement of the will, proceeded to sell the real estate, the land was incumbered with the statutory dower right of the widow. The land could not be sold free of her dower and she was therefore made a defendant to the proceeding and filed the usual answer setting up her dower interest in the land, waiving the assignment of the same by metes and bounds, and electing to take the value of the same in money. Under the order of the probate court the value of her dower was paid to her out of the proceeds of the sale of the real estate. But she acquired nothing under the will by this procedure. Neither did she, in electing to take the value of her dower in money, instead of assignment thereof by metes and bounds, elect to take either under or against the will; for her dower right inhered in her relation to the testator, by virtue of the statute, and he could

not deprive her of it. As he gave her nothing in the will in lieu of her dower, her acceptance of her dower could not be an election between her statutory right and the will.

Having received the value of her dower in money, the widow demanded her distributive share in the proceeds of the real estate sold according to the will and from which the value of her dower had been paid, as well as in the personal property left by the testator; and here the principal controversy in this case arose. The executor denied the widow's claim upon the ground that the requirement of the will that the real estate should be sold was for the purpose of distribution to the persons entitled under the will and for no other purpose; and further upon the ground that having elected to take the value of her dower in the real estate, the widow is now barred from claiming any part of the proceeds arising from the sale of the real estate, because, as it is argued, dower in the real estate and the distributive share in the proceeds of the real estate are inconsistent.

This argument takes no account of the fact that there can be no election between rights conferred by statute unless the statute provides for it. The courts can not, by means of any real or imagined equities, limit, qualify or annul rights granted by legislative enactment. In all cases the legislative intent as gathered from the legislative expression must govern. Section 5964, Revised Statutes, provides that where a widow fails to take under the will (and in this case, as we have shown, she did not take under the will because there was nothing to be taken by her), she shall retain her dower and such share of the personal estate as she would be entitled to by law, in case the deceased consort had died leaving children. This gives both dower and the distributive share of the personalty, unless Section 4176, Revised Statutes, which provides for a distributive share to the widow or widower in "the personal property subject to distribution," must be so construed as not to apply where the deceased consort leaves a will disposing of all the property and without making any provision for the widow or widower. But this court, construing these sections together in *Doyle* v. *Doyle, Jr., et al,* 50 Ohio St., 330, held that a widow is not deprived of a distributive share of the present estate of her deceased husband, by his leaving a will in which he disposed of all of it to others, without making any provision for her. As to her in such case, he is regarded as dying intestate. There is, therefore, no

such inconsistency between the right of dower and the distributive share in personalty, as to make the taking of one an exclusion of the other.

The distributive share in personalty, however, is defined by the statute as a share in "the personal property subject to distribution," and this gives rise to another contention in this case, viz.: That the testator's direction to convert all of his real estate into money was solely for the purpose of paying his indebtedness, his legacies and charities, the balance going to the residuary legatees designated in the will; and that inasmuch as the testator intended the conversion for this sole purpose, the proceeds of the sale of the realty could not be made subject to the distributive share of the widow as personalty, but for that purpose must be regarded as realty.

The direction of the testator that his real property should be converted into money is very explicit. And so likewise is his direction that the proceeds therefrom, with all from other sources due to him, should be used in paying his indebtedness, legacies and charities, and that the balance be divided between the residuary legatees named. It is of no consequence that he may not have intended that his wife should have anything out of his estate. He could not defeat her legal rights, and possibly he may not have intended to do so; but it is perfectly clear that he took especial care that all of his property should be reduced to personal property before distribution. By doing that he made all of his property subject to the widow's distributive share as personal property, under the provisions of Section 4176, Revised Statutes. It is undoubtedly true that the doctrine of equitable conversion does not apply as we apply it here, unless it be clear from the will itself that it was the testator's intention that the distribution of his entire estate should be made in money. And it is also true that in this case the testator did not contemplate the wife in his scheme of distribution; but he does very clearly and definitely blend his *whole* property, real and personal, in one fund, and direct it all to be paid to the legatees named in the will and in the payment of debts. The character of this complete conversion is not changed because the interests of the legatees may be modified by the refusal or neglect of the testator to take cognizance of his wife's statutory rights. The whole of his estate may be converted as he directs,

but the distribution of it must be according to law. Having chosen to reduce his whole estate to money, he must take the consequences even though it may to some extent defeat his intention. In *Ferguson* v. *Stuart*, 14 Ohio, 140, approved and followed in *Collier* v. *Collier*, 3 Ohio St., 369, 374, it was held that land directed by a will to be sold and converted into money is treated as personal property, and as such is governed by the statutes of distribution. In that case the doctrine of equitable conversion was invoked to change the course of distribution from that prescribed in the will to that prescribed in the statute of descents and distribution. That is, the will provided that the wife of the testator should receive one-third of the interest annually accruing on the fund arising from the sale of the land during her natural life, and that the money aforesaid should go to the testator's heirs. Under the statute the wife was his only heir and the property was decreed to her as heir and not as legatee. The positive direction by the testator to sell all of his real estate and to blend the proceeds with his personal property in one fund for the distribution of his whole estate according to the scheme of the will, makes an absolute conversion for all purposes into personal property, which should be distributed as personal property, even if the special object intended by the testator should fail. Bispham on Equity, Secs. 318, 319; 3 Pomeroy on Equity, Secs. 1159, 1164, 1171, and note; *Craig* v. *Leslie*, 3 Wheat., 563; *Given* v. *Hilton*, 95 U. S., 591; *Harrington* v. *Pier*, 105 Wis., 485. The effects of the conversion extended to, and may be claimed, not only by those who claim under or through the will, but also by those who are not entitled under the will, but are entitled directly from or under the testator. 3 Pomeroy on Equity, Sec. 1166. Our conclusion is that the plaintiff in error is entitled to her distributive share of the proceeds of the sale of the testator's real estate made as directed in the will, notwithstanding that she has already received therefrom the value of her dower estate.

It is proper to call attention to the fact that essentially the same conclusion was reached in *Barber* v. *Hite*, 39 Ohio St., 185, in which upon a sale of land the wife had received the full value of her dower by agreement with her husband, who soon afterwards died intestate and possessed of the remainder of the proceeds of the real estate. It was held "that the widow was not estopped from

claiming her distributive share of any part of the personal estate of her deceased husband, by reason of the fact that such estate was augmented by the conversion of such realty into personalty."

The plaintiff in error contends that the circuit court erred in reversing the judgment of the court of common pleas allowing interest on her claim. She is not a legatee and does not come under the rule in *Gray et al, Exrs.*, v. *Case School of Applied Science,* 62 Ohio St., 1. She would not be entitled to interest before her distributive share has been ascertained, and her distributive share is to be computed in "the personal property which is subject to distribution." Section 4176, Revised Statutes.

As to the matter of interest the judgment of the circuit court is affirmed, and as to the right of the plaintiff in error to distributive share in the proceeds of the real estate sold, the judgments of the courts below are

*Reversed.*


SHAUCK, J. I dissent from so much of the judgment as awards to the plaintiff in error proceeds of the sale of the lands in excess of the value of her dower estate. By the necessary admission that the testator might have accomplished his purpose by a devise in specie of the lands after the satisfaction of the claim of dower grave suspicion is cast upon the correctness of the conclusion which the majority has reached. The view seems to be that the testator was entrapped in the equitable doctrine of conversion. But that doctrine was devised, and it should be applied to effectuate intention, not to defeat it. It may, therefore, be invoked by one who claims under an instrument, not by one who claims against it.